LITTLE ROCK ABSTRACT CO. *v.* KEATON

5-3641                                          395 S. W. 2d 327

Opinion delivered November 8, 1965.

*Wright, Lindsey, Jennings, Lester & Shults,* for appellant.

*H. B. Stubblefield,* for appellee.

SAM ROBINSON, Associate Justice. The appellees herein, Martha Louise Keaton, et al, filed suit in the Pulaski Circuit Court against appellant, Little Rock Abstract Company, alleging that the defendant company negligently, and in violation of its contractual obligation, failed to show in an abstract of title prepared for plaintiffs an easement over a street adjoining the property purchased by plaintiffs, and that as a result of the failure to show the easement plaintiffs were damaged in the sum of $1,638.21. There was a judgment for the plaintiffs for the alleged amount. The abstract company has appealed.

In the year 1946, the Arkansas Louisiana Gas Company was granted an easement over a certain 40 acre tract in Pulaski County. Later, Industrial Development Company of Little Rock, Inc., hereinafter called Industrial, obtained title to the 40 acres. On October 18, 1962, Industrial conveyed to the gas company a right-of-way easement within 65th Street, which adjoins the land here involved. The authority to grant the easement has not been put in issue. This easement in favor of the gas company is recorded in Deed Book 817, page 517, of the records of Pulaski County. Later, in February, 1963, the gas company and Industrial entered into an agreement whereby the gas company released the original easement over the 40 acres. Embodied in the release was a clarification of the easement which had been granted by Industrial to the gas company on October 18, 1962. The language in the February, 1963 release clarifying the October, 1962 easement is as follows:

"WHEREAS, The parties hereto have heretofore entered into a certain right-of-way agreement dated October 18, 1962, recorded December 6, 1962, in Deed Book 817, page 517, of the records of Pulaski County, Arkansas; reference thereto being hereby made, the terms thereof are incorporated herein by reference.

. . .

"2. By way of clarification of the description of the right-of-way granted in the aforesaid agreement dated October 18, 1962, insofar as the same pertains to that

certain area along the north side of that area designated as West 65th Street on the plat attached to the aforesaid agreement, it is understood and agreed that the right-of-way therein granted is a strip of land 20 feet in width running from the West right-of-way line of Interstate highway 30 to the East right-of-way line of Scott Hamilton Drive, the north line of said 20 foot strip of land being the north line of that certain strip of land 110 feet in width designated as West 65th on the plat attached to the aforesaid right-of-way agreement and as more particularly shown on that certain plat of Little Rock Industrial District filed in Plat Book 11, at page 49, of the Records of Pulaski County, Arkansas, reference thereto being hereby made.

"3. Industrial, for itself and its successors and assigns, does hereby covenant, the same to run with the land, that it will not cause to be erected or constructed any buildings, fences, walls, pavement, permanent structures or similar improvements within the area of said right-of-way, and will not cause to be planted any shrubbery or trees within such area."

Later, appellees bought from Industrial about 1 acre of the aforesaid 40 acres and purchased an abstract of title from appellant, Little Rock Abstract Company. The abstract failed to show the release of the easement over the 40 acres, which contained the language clarifying the October, 1962 easement granted to the gas company by Industrial. Appellees' attorney, who examined the abstract of title, called attention to the fact that the record showed an easement in favor of the gas company across the 40 acres, but that it did not show whether the easement was across the particular part bought by appellees. The appellees made inquiry about the easement of an officer of Industrial, and he informed them that the easement across the 40 acres had been released. Nothing was said about the granting of an easement over a portion of 65th Street in October, 1962.

Under an agreement to lease to the Texaco Company, appellees built a service station on their newly acquired property. When they attempted to pave a portion of

65th Street which would extend from the then paved part of the 65th Street right-of-way over the north portion of that street onto the service station property, the gas company called their attention to the easement the company had along the north 20 feet of 65th Street. The gas company insisted on doing certain work in order to properly protect its pipeline in that part of the 65th Street right-of-way on which Industrial had given an easement. The gas company did do the paving and charged appellees $1,638.21 for the work.

The appellees then filed this suit against the abstract company for the amount charged by the gas company for the work done in protecting the pipeline. The plaintiffs alleged that it was the duty of the abstract company to show in the abstract the release by the gas company of the old easement across the 40 acres, and to show the new easement granted to the gas company by Industrial in the north 20 feet of 65th Street.

The real issue is whether it was the duty of the abstract company to show the condition of the title to property other than the property within the call of the particular land the abstract company was engaged to prepare an abstract of title. If it was the duty of the appellant abstract company to show in the abstract the easement granted to the gas company in 65th Street, then it breached its contract and was also negligent in not showing the easement in the abstract.

No case has been called to our attention, nor have we found any, where the courts have held that it is the duty of an abstract company to furnish information concerning the title to property other than the specific property under examination. On the other hand, *American Trust Investment Co.* v. *Nashville Abstract Company*, 39 S. W. 877, holds that it is not the duty of the abstract company to make such a showing. But appellees contend that it is the custom and practice of abstract companies in Pulaski County to show matters of record concerning adjoining property that might affect the property under consideration. We feel that the evidence falls far short of showing such custom and practice.

Two witnesses familiar with the abstract business testified for appellees. First, Mr. E. A. Bowen, Jr. in his testimony does not mention the October, 1962 easement (in fact, no witness mentions it), and does not state he would have shown it in an abstract, although he does state that he would have shown the February, 1963 release which contained a clarification of the October, 1962 easement. He further testified that portions of records that do not apply to the particular property under consideration are frequently omitted. Bowen further testified that in the normal course of preparing an abstract, the release of an easement might be shown and another easement not located on the property under consideration would not be shown. Apparently, Mr. Bowen's abstract company has subsequently brought the abstract in question up-to-date and showed the February, 1963 release of the easement over the 40 acres. But, Mr. Bowen did not testify, and it is not shown by any of the evidence, that the October, 1962 easement from Industrial to the gas company over a portion of 65th Street was shown in the abstract, and Mr. Bowen did not testify that in the normal course of the abstract business it would be shown.

Mr. Burton Dougan, another abstract man and a witness for appellees, testified to the same effect.

It cannot be said that there is any substantial evidence in this case going to show that according to the local custom and practice it is the duty of an abstract company to show in an abstract an easement which has been granted in an adjoining street.

The judgment is reversed and the cause dismissed.

McFADDIN, J., concurs; WARD & JOHNSON, J.J., dissent.

ED. F. McFADDIN, Associate Justice (concurring). I concur in the result reached by the Majority. The showing of the original easement as unreleased was sufficient to put the appellees on notice of an easement. Their attorney in examining the abstract advised them in detail about the necessity of inquiry. I believe that such inquiry, if pursued to its logical conclusion, would have given them all the information that the record now con-

tains. The appellees failed to make a full inquiry, and cannot hold the appellant liable for their own failure.

PAUL WARD, Associate Justice (dissenting). For reasons hereafter set out I am unable to agree with the majority opinion.

It is admitted appellant did not place in the abstract the notation on the margin of the instrument creating the original easement in favor of the gas company. This notation reads:

"*Partial* RELEASE Filed for record February 18, 1963, Recorded in Mtg. record 929, page 515. Roger Mc-Nair, Circuit Clerk & Recorder. By C. Eggleston, D.E. 2-18-63" (Emphasis added.)

The word "partial" is the key to this case. Had appellee known of the notation, it certainly would have made inquiry as to the meaning of that word and, consequently could have avoided paying out the sum of $1,638.21.

It is important therefore to determine whether appellant was under an obligation to show this marginal notation. I think it was.

The abstract showed the original easement—that means appellant saw or should have seen the marginal notation. It is the duty of an abstractor to use skill and care. In the *American Trust Investment Co.* v. *Nashville Abstract Co.*, (cited by the majority) there appears this statement at page 879:

"To furnish abstracts of title is a business. Parties undertaking it assume the responsibility of discharging its duties in a skillful and careful manner. Patience in the investigation of records is the main capacity required." It is the duty of an abstractor to show every record (if he can reasonably find it) which might affect the title, and it is then up to the purchaser or his attorney to determine to what extent or degree it is affected. In 1 Am. Jur. 2nd, Abstracts of Title, page 230, § 5 it is stated ". . . the abstract should disclose everything material concerning the sources and conditions of the title to the property in question."

Also, in § 6 there appears this statement:

"What is required is that the abstract disclose to an intended purchaser everything pertaining to the names and to the property in question, so far as appears from the record, that reasonably might affect such title, and thus put the purchaser on inquiry, in order that such purchaser may himself make the proper investigations as to the outside facts."